```
UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )   No.  CR-01-40120-DLJ
                               )
                               )   ORDER
JOSE ARREOLA,                  )
                               )
          Defendant.           )
_____)
```

On June 2, 2008, defendant Jose Arreola ("Arreola") filed a motion attacking his sentence under 28 U.S.C. § 2255. Having considered the papers submitted and the applicable law, the Court hereby DENIES the motion.

## I. BACKGROUND

**A. Factual Background and Procedural History**

On July 19, 2001, the government filed an indictment against Arreola alleging six counts of drug trafficking and weapons offenses. Count 3 of the indictment alleged the following violation of 18 U.S.C. § 924(c)(1): that Arreola "did knowingly and intentionally possess a firearm during and in relation to the drug trafficking crimes set forth in Counts One and Two of this Indictment, and in furtherance of such crimes."

On December 6, 2001, the government filed a superceding indictment. The superceding indictment charged the same offenses as the original indictment, except that it modified the allegations in Count 3 as follows: "Jose Arreola did knowingly and intentionally use and carry the firearm discussed below during and

in relation to, and possessed the same firearm in furtherance of the drug trafficking crimes set forth in Counts One and Two of this Indictment."

The case went to jury trial.  With respect to the firearm charge described in Count 3, the Court instructed the jury that 18 U.S.C. § 924(c)(1) provided two different theories on which to convict Arreola of the same offense.  The Court stressed that the jury could convict only if it found that Arreola "carried the firearm during and in relation to, or possessed the firearm in furtherance of the drug trafficking crime."  See United States v. Arreola, 467 F.3d 1153, 1162 (9th Cir. 2006).  The prosecutor and Arreola's counsel also "reiterated this requirement multiple times throughout their closing statements."  Id.

The verdict form, by contrast, did not draw a clear line between the two theories of conviction.  The verdict form contained the following language: "We, the Jury, find the defendant [guilty/not guilty] of possessing or carrying a firearm in relation to, or in furtherance of, a drug trafficking crime as charged in Count Two of the Indictment."  See Verdict Form.  This language "permitted the jury to convict Arreola if it found that he possessed a firearm during and in relation to a drug crime," an act not criminalized by the statute.  Arreola, 467 F.3d at 1162.

On June 10, 2004, the jury found Arreola guilty on one count of possession of heroin with intent to sell, as well as the firearm

2

charge contained in Count Three.  <u>See</u> Verdict Form.  This Court entered judgment on September 14, 2004, followed by an amended judgment on September 20, 2004.

On September 20, 2004, Arreola filed a notice of appeal.  In the appeal, Arreola made two arguments.  First, he argued that this Court's jury instructions as to Count 3 violated his Sixth Amendment right to a unanimous jury verdict.  <u>Arreola</u>, 467 F.3d at 1161.  Arreola argued that the language of the indictment was duplicitous because it permitted the jury to "render a guilty verdict without having reached a unanimous verdict on the commission of a particular offense."  <u>Id.</u> (internal case citations omitted).

The Ninth Circuit rejected this argument.  After a long discussion of statutory interpretation, the court concluded that § 924(c)(1) defines only one crime, not two.  <u>Id.</u>  As a result, the court reasoned, the indictment could not have been duplicitous, since even though the statute provided for multiple ways to commit the named offense, there was only one named offense which the jury could have found.  <u>Id.</u>  The court concluded that this Court's jury instructions, which were based on the language of the indictment, could not have violated Arreola's Sixth Amendment rights.  <u>Id.</u>

Second, Arreola argued that the verdict form "amounted to a constructive amendment of the indictment in violation of his Fifth Amendment right to a grand jury."  <u>Id.</u> at 1161-62.  Arreola argued

3

that the verdict form "erroneously permitted the jury to convict Arreola if it found that he possessed a firearm during and in relation to a drug crime, an act that § 924(c) does not criminalize." Id. at 1162. The Ninth Circuit agreed that the verdict form permitted the jury to wrongfully conflate the two theories of conviction, but it concluded that in light of this Court's instructions and the repeated admonitions of counsel to the contrary, the verdict form by itself did not constructively amend the indictment. Id. As a result, the Ninth Circuit affirmed the conviction. Id.

On June 25, 2007, the Supreme Court denied Arreola's petition for a writ of certiorari. Arreola v. United States, 127 S. Ct. 3002 (2007). On June 2, 2008, Arreola filed the instant § 2255 motion, along with an application to proceed in forma pauperis ("IFP") and a request for judicial notice. In his § 2255 motion, Arreola raises three claims of ineffective assistance of counsel: (1) failure to request a unanimous jury verdict; (2) failure to object to the verdict form; and (3) failure to object to the Court's jury instructions and the prosecutor's closing arguments.

**B. Legal Standards**

**1. Statute of Limitations**

Motions under § 2255 are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The statute provides:

> The limitation period shall run from the latest of–

4

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Arreola does not argue that subsections (2) - (4) apply to this case. Thus, the general rule contained in subsection (1) controls, and the statute began to run when the judgment became "final." A judgment becomes final "upon the expiration of the time during which [the movant] could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). The time for direct appeal expires when the time to petition the United States Supreme Court for certiorari has elapsed or the petition is denied. United States v. Garcia, 210 F.3d 1058, 1059-60 (9th Cir. 2000).

**2. Application to Proceed IFP**

Upon a showing of good cause, a federal court may waive the requirement that a litigant prepay certain fees and security payments. See 28 U.S.C. § 1915(a).

5

### 3. Request for Judicial Notice

Federal Rule of Evidence 201 provides that a court may take judicial notice of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.

### 4. Order to Show Cause

Under Rule 4(b) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the Court must make a preliminary review of a § 2255 motion when it is filed.  If, after review, the Court determines that a cognizable claim on which relief may be granted exists, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Id.  If, on the other hand, it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  Id.

### 5. Ineffective Assistance of Counsel

The Sixth Amendment guarantees effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984).  To prevail on a claim of ineffective assistance, a defendant must first show that counsel's representation fell below an objective standard of reasonableness.  See id. at 688.  The defendant must next

demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694.

## II. DISCUSSION

### A. Statute of Limitations

Arreola's motion is timely. The Supreme Court denied Arreola's petition for a writ of certiorari on June 25, 2007. That act triggered § 2255's one year statute of limitations. Arreola filed the instant motion on June 2, 2008, 23 days before the end of the limitations period. The Court may therefore review Arreola's motion on the merits.

### B. Application to Proceed IFP

Arreola has submitted an application to proceed IFP. Unlike a petition for a writ of habeas corpus, a motion under § 2255 is filed as part of the underlying criminal prosecution. See 28 U.S.C. § 2255. As a result, a § 2255 motion requires no prepaid fees or security in order to proceed. See N.D. Cal. Fee Sched. Because Arreola is not required to pay any fees, there is no need for Arreola to proceed IFP. Accordingly, the Court denies Arreola's request to proceed IFP.

### C. Request for Judicial Notice

Arreola has filed a request for judicial notice. In addition, Arreola moves to be heard on the question of judicial notice. Arreola only seeks judicial notice of one document: the jury's

verdict form from his 2004 trial.  That verdict form is a matter of record in this case.  As such, it is not necessary for the Court to take judicial notice of it.  Accordingly, the Court denies Arreola's request for judicial notice.

**D.   Ineffective Assistance of Counsel**

As described below, Arreola fails to make out a cognizable claim for ineffective assistance of counsel.

**1.   Claim One**

First, Arreola claims that his trial counsel failed to request a unanimous jury verdict.  Even assuming for argument's sake that counsel erroneously failed to make such a request, this Court instructed the jury on its own that the verdict must be unanimous.  See Arreola, 467 F.3d at 1156.  As a result, Arreola cannot demonstrate that the outcome at trial would have been different but for the asserted error.

In any event, it is the practice of this Court to provide counsel with a copy of the Court's draft jury instructions prior to the close of trial.  In criminal cases, the Court's instructions invariably include a general unanimity instruction.  Having reviewed these instructions, Arreola's attorney had no reason to request a unanimous jury verdict.  Accordingly, the Court denies relief on this claim.

**2.   Claim Two**

Arreola's second claim is that counsel failed to object to the

verdict form. Arreola claims the verdict form constructively amended the indictment. This argument is a reiteration of the same claim the Ninth Circuit rejected on direct appeal. See id. at 1161-62. The Ninth Circuit's decision is binding on this Court. See United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999). Because the Ninth Circuit has already ruled on this issue, this Court may not revisit the matter. Accordingly, the Court denies this claim.

### 3. **Claim Three**

Arreola's third claim is that counsel failed to object to certain jury instructions and arguments by the prosecution which improperly conflated the elements of 18 U.S.C. § 924(c)(1). This claim appears to be another reformulation of Arreola's argument that § 924(c)(1) was not properly presented to the jury: that is, § 924(c)(1) defines two separate offenses; this Court and counsel failed to properly define the offense for the jury; as a result, Arreola's conviction is unreliable.

The Ninth Circuit has rejected each element of this argument. First, the court ruled that § 924(c)(1) defines one offense, not two. Arreola, 467 F.3d at 1161. Second, the Ninth Circuit held that both counsel and this Court properly defined the charged offense to the jury. Id. at 1162. Last, the court affirmed Arreola's conviction, thereby expressing confidence in the result. Because the Ninth Circuit's opinion is binding on this Court, the

9

Court denies Arreola's third claim.

### III. CONCLUSION

Based on the foregoing, the Court hereby rules as follows:

(1) The application to proceed IFP is DENIED as moot;

(2) The request for judicial notice is DENIED as moot;

(3) The § 2255 motion fails to state a cognizable claim is therefore DENIED.


IT IS SO ORDERED


Dated: October  20, 2008  _____
D. Lowell Jensen
United States District Judge